IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LAURA WOLFE and | § | |
| TOM WOLFE, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-06-CV-38 (TJW) |
| | § | |
| FORD MOTOR COMPANY, | § | |
|     Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Ford Motor Company's ("Ford") Motion to Transfer Venue.  Having considered the parties' written submissions, the Court GRANTS the motion.

**I.**     **Background**

On January 31, 2004, Plaintiffs Laura Wolfe and Tom Wolfe ("the Wolfes") filed a products liability case in the Marshall Division of the Eastern District of Texas.  The claims arose out of injuries sustained by the Wolfes in an auto accident that occurred in Clark County, Kansas.  The Wolfes live in Erath County, Texas in the Northern District of Texas.  The Defendant, Ford, has raised a proportionate responsibility defense based on Laura Wolfe's failure to properly control her vehicle.  The Defendant, Ford, has moved to transfer venue to the District of Kansas, Wichita Division.

**II.**     **Applicable Law**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim

could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, under section 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which is given dispositive weight. *Id*.

The private factors include:

(1) the relative ease of access to sources of proof;

(2) the availability of the compulsory process to secure witnesses' attendance;

(3) the willing witnesses' cost of attendance; and

(4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.

*Id*.

The public factors include:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having local issues decided at home;

(3) the forum's familiarity with the governing law; and

(4) the avoidance of unnecessary conflict of law problems involving foreign law's application.

*Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's choice of forum, by itself, is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003); *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F.Supp.2d 567, 571 (E.D.Tex.2004) (Folsom, J.). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to the plaintiff's claims. *In re Volkswagen*, 371 F.3d at 204. The Court will not consider the location of the parties' counsel as this factor is not applicable to determining whether transfer is appropriate. *In re Volkswagen*, 371 F.3d at 204.

### III.    Venue in the District of Kansas

Federal jurisdiction of this case is premised on diversity jurisdiction. Therefore, this case could have been brought in: (1) a judicial district in which any defendant resided if all defendants resided in the same district; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a judicial district in which a substantial part of the property at issue was located; or (3) if there is no other district in which the action could have been brought, in a judicial district in which any defendant was subject to personal jurisdiction when the action was commenced.  28 U.S.C. § 1391(a).

The Wolfes do not deny they could have brought this case in the District of Kansas. Because the accident occurred in Kansas, this case could have been brought in the District of Kansas; therefore, the Court turns to the public and private interest factors.

### IV.    Application of the Transfer Factors

The transfer factors must be applied to all claims brought in this case.  *See In re Volkswagen*, 371 F.3d at 204.  This case involves claims that Defendants produced, and distributed, a product with design and manufacturing defects.  Defendants have asserted a comparative fault defense.  After review of all the factors, the Court finds that the reasons to transfer the case outweigh the reasons to retain the case in the Eastern District of Texas.  Therefore, the Court will grant Ford's motion.

<u>The Private Factors</u>

(1) *The plaintiff's forum choice*.

While the plaintiff's forum choice is neither controlling nor determinative, it is a factor to be considered.  *In re Horseshoe Entm't*, 337 F.3d at 434.  Plaintiffs reside in the Northern District of Texas; however, they chose to bring their suit in the Eastern District.  Plaintiffs are correct in

asserting that the defendant cannot assert inconvenience to the plaintiff as a basis for transfer.  The Court, however, observes the plaintiffs' burden of having the case tried in the District of Kansas is not significantly greater than its chosen forum.  The facts of this case result in this factor only slightly weighing against transfer.  *See Id.*  (recognizing only in "rare and special circumstances [will] . . . 'delay' or of 'prejudice' . . . be relevant in deciding the propriety of transfer, [and] only if such circumstances are established by clear and convincing evidence.")

(2) *The relative ease of access to sources of proof.*

Proof relating to the product's design and manufacture is likely not located in the Eastern District of Texas, or the District of Kansas.  Proof relating to Defendant's defenses, such as medical or accident reports and any witness accounts of the circumstances just prior to the accident, is in the District of Kansas.  Because medical and accident reports, as well as the evidence for the design defect, can easily be sent to the Eastern District of Texas, this factor only slightly favors transfer.

(3) *The availability of the compulsory process to secure witnesses' attendance.*

Ford has produced affidavits from witnesses stating they will not travel to the Eastern District of Texas to testify.  The Court agrees with Ford that emergency personnel and accident investigators are key in Ford's comparative fault claim.  Ford has shown there are witnesses needed for their comparative fault claim that are not subject to compulsory process in the Eastern District of Texas, but are subject to compulsory process in the District of Kansas.  Because Ford has provided affidavits from these witnesses stating they would not attend a trial in Marshall, this supports transfer.

(4) *The willing witnesses' cost of attendance.*

Although Marshall does not have an airport, Marshall is approximately sixty miles from

Tyler, Texas, which has an airport with daily flights to and from DFW Airport. Marshall is approximately forty miles from Shreveport, Louisiana, which also has an airport with daily flights to and from DFW. Witnesses relating to the product's manufacture and design will not be substantially more inconvenienced to attend trial in Marshall than in Wichita. A trial in Marshall simply requires an additional forty-five minute to one-hour drive as compared to Wichita, which has an airport. Trial in either Marshall or Wichita will likely require that these witnesses remain overnight.

As to potential witnesses for Ford's comparative negligence defense claim, these witnesses will be more inconvenienced in the Eastern District of Texas than in the District of Kansas. For the witnesses in Clark County to travel to Wichita would be approximately 165 miles. This could be done in a single day's trip if necessary. For the same witnesses to travel to the Eastern District, over 550 miles from Clark County, would require a flight and at the least one overnight stay. Here, the Wolfes argue that few, if any, of the witnesses from the scene will be called to testify at trial. Defendants disagree. Defendants have also offered proof in the form of affidavits that the burden on some of these potential witnesses is increased due to the potential impact their absence could have on the local community. Thus, this factor favors transfer to the District of Kansas as to witnesses who have stated they would be inconvenienced in the Eastern District of Texas.

(5) *All other practical problems that make the case's trial easy, expeditious, and inexpensive.*

The Wolfes have claimed that if the file is transferred to the District of Kansas it would take a little over twenty-four months to get to trial versus the average of almost sixteen months to get to trial from the date of filing in the Eastern District of Texas. Although the case may take longer to get to trail in the District of Kansas than in the Eastern District of Texas, the additional time is not

extreme; therefore, this consideration only slightly weighs against transfer. *See Volkswagen*

(2) *The local interest in having local issues decided at home.*

_____At the outset, the Court rejects Ford's argument that the Eastern District of Texas has no meaningful connection to the case. Residents of this District have an interest in protecting the local citizens from potentially dangerous products. Ford alternatively argues its comparative fault defense, coupled with the burden on the potential witnesses related to that defense, outweigh this concern and compel transfer. Under the facts of this case, the Court agrees with Ford on the latter argument.

The Public Factors

(1) *The administrative difficulties flowing from court congestion.*

As discussed, the additional time for the case to go to trial in Kansas over the time it would take to go to trial here in Marshall is not extreme. This issue is therefore neutral as to transfer.

(3) *The forum's familiarity with the governing law.*

Given that the accident occurred in Kansas, substantial choice of law issues weigh in favor of transfer.

(4) *The avoidance of unnecessary conflict of law problems involving foreign law's application.*

Kansas courts are more familiar with the governing law, however, if necessary this Court could properly apply Kansas tort law. Thus, this factor slightly favors transfer.

**V.    Conclusion**

The Court finds that it should transfer this case after weighing all of the factors. Accordingly, the Court GRANTS Ford's motion.

Page 6

SIGNED this 26th day of June, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE